IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL VALENTINE GARDNER                                              PLAINTIFF

v.                                  Case No. 4:16-cv-4102

CORRECTIONAL OFFICER N. TEFFT,
LIEUTENANT ADAMS, and WARDEN MOORE,
Miller County Detention Center                                         DEFENDANTS

## ORDER

Plaintiff, Michael V. Gardner, proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Plaintiff is currently not incarcerated. Before the Court is Plaintiff's Motion for Default Judgment as to Defendant Tefft. ECF No. 13. Defendant Tefft has filed a response. ECF No. 14. This matter is ripe for the Court's consideration.

Plaintiff moves the Court to enter default judgment against Defendant Tefft, because he failed to file a timely answer to the complaint. Defendant Tefft was served on December 2, 2016, and his answer was due on December 23, 2016. ECF No. 10. Defendant Tefft did not sign the executed summons. Instead, it appears to have been signed by another employee of Miller County. Defendant Tefft states that he was unaware of the case until he was contacted by counsel's office on January 3, 2017, after two other Miller County defendants had been served. Upon learning of the complaint in this case, Defendant Tefft immediately filed his answer on January 3, 2017, eleven days after it was due. ECF No. 12.

Pursuant to Federal Rule of Civil Procedure 6(b), the Court may, for good cause, extend the time to respond on a motion made after the time has expired if the party failed to act because of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is an 'elastic concept'

1

that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. Metlife Choices*, 600 F.3d 934, 946 (2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). The following factors are important when determining whether neglect is excusable: "(1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Kurka v. Iowa County,* 628 F.3d 953, 959 (8th Cir. 2010). Finally, the Eighth Circuit explained that the "determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (internal quotations and citations omitted).

In the present case, the Court finds that Defendant Tefft's failure to file a timely answer was not a result of bad faith, but instead an inadvertent oversight. Further, Plaintiff has not suffered any prejudice from the brief delay in filing the answer. If the Court were to grant Plaintiff's Motion for Default Judgment, it would impose on Defendant Tefft a severe penalty unmatched by any prejudice to Plaintiff. *See Chorosevic*, 600 F.3d 947 (citing *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993)). Such a result would contravene the judicial preference for adjudication on the merits. *Id*. For these reasons, the Court finds that Plaintiff's Motion for Default Judgment (ECF No. 13) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 8th day of August, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge